Stephen A. Goodwin
  Texas State Bar No. 08186500
Lisa M. Lucas
  Texas State Bar No. 24067734
CARRINGTON, COLEMAN, SLOMAN
  & BLUMENTHAL, L.L.P.
900 Main Street, Suite 5500
Dallas, TX 75202
Telephone: (214) 855-3000
Telecopy: (214) 855-1333

Jay L. Welford
  Michigan State Bar No. P34471
*Pro hac vice* application pending
JAFFE, RAITT, HEUER & WEISS, P.C.
27777 Franklin Road, Suite 2500
Southfield, MI 48034-8214
Telephone: (248) 351-3000
Telecopy: (248) 351-3082

ATTORNEYS FOR GRAND PACIFIC FINANCE CORPORATION

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| EQK BRIDGEVIEW PLAZA, INC. | § § § | Case No. 10-37054-SGJ<br>Chapter 11 |
| Debtor. | § § § | Preliminary Hearing:<br>November 4, 2010 at 1:30 p.m. |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

### NOTICE

PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(b), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.

ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, ROOM 1254, DALLAS, TEXAS 75242 BEFORE CLOSE OF BUSINESS ON OCTOBER 22, 2010, WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF. A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE. ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.

COMES NOW Grand Pacific Finance Corporation ("GP"), by and through its counsel Carrington, Coleman, Sloman & Blumenthal, L.L.P. and Jaffe, Raitt, Heuer & Weiss, P.C., and requests that this Court lift the automatic stay under sections 362(d)(4) and/or 362(d)(1) of the Bankruptcy Code, and in support thereof, states as follows:

## FACTS

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157(b) and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

2. On October 4, 2010 (the "Petition Date"), the Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code.

3. No trustee has been appointed in this case and no unsecured creditors' committee has yet been formed.

4. Prior to the Petition Date, on January 12, 2005, South Cochran Corporation ("SCC") executed a promissory note in favor of GP in the principal sum of $3,750,000.00 (the "Note"), a copy of which is attached hereto as **Exhibit A**.[1]

5. The indebtedness due under the Note was secured by a retail shopping center located in Michigan City, Indiana, more commonly known as "Dunes Plaza" (the "Property"), pursuant to a mortgage also dated January 12, 2005 (the "Mortgage"), a copy of which is attached hereto as **Exhibit B**.

6. Pursuant to Section 3.19 of the Mortgage, SCC was prohibited from transferring its ownership interest in the Property to any third party, absent the consent of GP:

> Without the prior consent of Mortgagee in each instance, Mortgagor shall not, directly or indirectly, sell, transfer, alienate, grant, convey, assign, pledge, hypothecate, or transfer as security for debt, the Mortgaged Property or any part thereof or any interest therein. The Indebtedness shall be immediately due and

---

[1] Copies of Exhibits hereto are attached to the Court's original and have been provided to the Debtor. Copies are also available on PACER and will be provided to other parties in interest upon request.

payable upon any sale or other conveyance of the Mortgaged Property by Mortgagor.

7. The Note matured on January 12, 2010, and SCC has been in default since that date.

8. On May 6, 2010, GP exercised its rights under its assignment of leases and rents and notified all tenants and SCC of the rent execution. *See* **Exhibit C** attached hereto.

9. On July 7, 2010, GP initiated suit against SCC in the Circuit Court for the State of Indiana, Laporte County (the "State Court"), to collect the indebtedness due under the Note, to pursue collection under a guaranty of the indebtedness due under the Note, to foreclose on GP's Mortgage with respect to the Property and to appoint a receiver over the Property (the "Receivership Action").

10. On July 19, 2010, in the Receivership Action, the State Court entered an Order for Appointment of Receiver (the "Receivership Order"), a copy of which is attached hereto as **Exhibit D.**

11. The Receivership Order contained an injunction against SCC, which enjoined SCC from taking any action with respect to the Property, including any transfer of the Property:

> **South Cochran, its agents and employees, and all other persons or entities who receive notice of this Order** by any means (other than the Receiver), **are restrained and enjoined from transferring**, expending, distributing, concealing, destroying, damaging, **or otherwise diminishing or causing harm to the Property**, or any part of the Property, all fixtures, machinery, equipment, engines, boilers, incinerators, building materials, appliances, and goods of every nature, and all articles of personal property located in, or on, or used, or intended to be used in connection with the Property, all proceeds from the operations of the Property, including all rents and other revenues, and all records relating in any way to the Property or its operations.

*See* Receivership Order, ¶ 15 (emphasis added).

12. Notwithstanding this injunction in the Receivership Order, and the express prohibition on transfer set forth in the Mortgage, SCC allegedly transferred title to the Property to the Debtor, an affiliate, within a week prior to the Petition Date.[2]

13. The alleged transfer was undertaken without the consent of GP, without notice to the Receiver and without permission of the Judge in the State Court who was overseeing the Receivership Action.

14. Additionally, the Debtor allegedly caused the affiliated owners of two other properties, described as: (i) 1925 Valley View Lane, Farmers Branch, Texas, and (ii) Windmill Farms Development, Forney, Texas, to transfer such properties to the Debtor on the eve of bankruptcy.[3]

## APPLICABLE LAW

15. Section 362(d) of the Bankruptcy Code provides, in pertinent part:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay—

(1) For cause, including the lack of adequate protection of an interest in property of such party in interest;

\* \* \*

(4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved either—
    (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
    (B) multiple bankruptcy filings affecting such real property.

11 U.S.C. § 362(d).

---

[2] While a demand has been made on Debtor's counsel to produce the transfer documents, no documents have yet been provided. The information regarding the alleged transfer was provided verbally by Debtor's counsel to GP's counsel on October 5, 2010.

[3] Copies of these transfer documents have also been requested, but not produced.

## ARGUMENT

### I. Cause Exists for Relief from the Automatic Stay Under Section 362(d)(4).

16. On its face, section 362(d)(4) requires that a court grant relief from the automatic stay with respect to an act against real property if the court finds that: (i) the movant is a secured creditor, (ii) the filing of the petition was part of a scheme to delay, hinder, and defraud creditors, and (iii) such scheme involved a transfer of real property without the consent of the secured lender or court approval. *See e.g. In re Blair,* 2009 WL 5203737 (Bankr. E.D.N.Y. Dec. 21, 2009) (granting stay relief and dismissing bankruptcy case); *In re Montalvo,* 416 B.R. 381 (Bankr. E.D.N.Y. 2009) (same); *In re Young,* 2007 WL 128280 (Bankr. S.D.Tex. Jan. 10, 2007) (granting stay relief); *In re Duncan & Forbes Development, Inc.,* 368 B.R. 27 (Bankr. C.D.Cal. 2006).

17. In this case, as evidenced by the Note and the Mortgage, there can be no question that GP is a secured creditor with respect to the Property.

18. The alleged transfer of the Property was part of a scheme to hinder, delay and defraud GP because, among other reasons:

    (i) the alleged transfer was undertaken in violation of the covenants set forth in the Mortgage prohibiting such a transfer absent consent;

    (ii) the alleged transfer occurred only after significant litigation (including the appointment of the Receiver) and an ongoing default under the Note;

    (iii) the alleged transfer occurred in direct violation of the Receivership Order which prohibited such a transfer;

    (iv) the alleged transfer occurred without notice to, or consent from, GP, the Receiver or the State Court Judge;

    (v) the alleged transfer was not an isolated incident, but was undertaken in conjunction with the transfer of two additional pieces of real property owned by Debtor affiliates into the Debtor; and

    (vi) the alleged transfer was undertaken on the eve of the filing of this bankruptcy case.

19. Viewing all of these circumstances as a whole, the alleged transfer of the Property was not an isolated transaction but rather was part of a systematic scheme designed to defraud GP and other secured lenders. Moreover, the Debtor's violation of the Receivership Order constitutes a fraud on the court, and thus a fraud on GP as a direct beneficiary of the Receivership Order.

20. Accordingly, GP submits that cause exists to grant relief from the automatic stay in this matter under section 362(d)(4) of the Bankruptcy Code.

## II. Cause Exists for Relief from the Automatic Stay Under Section 362(d)(1).

21. Additionally or alternatively, "cause" exists for relief from the automatic stay with respect to the Property in this case under section 362(d)(1) of the Bankruptcy Code.

22. Section 362(d)(1) of the Bankruptcy Code does not define the term "cause." Numerous courts have held, however, that bad faith can constitute "cause" for purposes of section 362(d)(1). *In re Trident Associates, L.P.*, 52 F.3d 127, 131 (6th Cir. 1995); *In re Laguna Associates, L.P.*, 30 F.3d 734, 736-37 (6th Cir. 1994); *In re Dixie Broadcasting, Inc.*, 871 F.2d 1023 (11th Cir. 1989). Although there is no precise test for determining bad faith, courts have identified the following factors, among others, as being meaningful in evaluating whether an organizational debtor acted in bad faith: (i) whether the pre-petition conduct of the debtor has been improper, (ii) whether the parties have proceeded to a standstill in state court litigation and the debtor has lost, and (iii) whether the filing of the petition effectively allows the debtor to evade court orders. *Laguna Associates, L.P.*, 30 F.3d at 738.

23. In this case, for the reasons set forth above, the Debtor's bad faith constitutes "cause" such that the Court should grant GP relief from the automatic stay with respect to the Property. The alleged transfer of the Property to the Debtor on the eve of this bankruptcy filing was in violation of both the covenants set forth in the Mortgage and the express and unequivocal

language in the Receivership Order. GP had already secured the appointment of a receiver in the Receivership Action. The alleged transfer of the Property in conjunction with the filing of the petition not only allowed the Debtor to evade a court order, it directly violated a court order, the Receivership Order. Considering all of the facts and circumstances, there can be no question that the Debtor has acted in bad faith.

### III.    Request for Adequate Protection.

24.    In the event that relief from the automatic stay is not granted, GP requests that the Court require the Debtor to provide adequate protection to GP in such form as the Court may deem appropriate.

**WHEREFORE,** GP respectfully requests that this Court: (i) lift the automatic stay with respect to the Property under sections 362(d)(4) and/or 362(d)(1) of the Bankruptcy Code, and (ii) grant such other relief as the Court deems equitable and just.

Dated: October 8, 2010.

    Respectfully submitted;

    /s/ Stephen A. Goodwin
    Stephen A. Goodwin
      Texas State Bar No. 08186500
    Lisa M. Lucas
      Texas State Bar No. 24067734
    **CARRINGTON, COLEMAN, SLOMAN & BLUMENTHAL, L.L.P.**
    900 Main Street, Suite 5500
    Dallas, TX 75202
    (214) 855-3000
    (214) 855-1333 – Fax
    sgoodwin@ccsb.com
    llucas@ccsb.com

    and

    Jay L. Welford
    **JAFFE, RAITT, HEUER & WEISS, P.C.**
    *Pro hac vice* application pending
    27777 Franklin Road, Suite 2500
    Southfield, MI 48034-8214
    (248) 351-3000
    jwelford@jaffelaw.com

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that he called Debtor's counsel, Melissa S. Hayward, on October 7, 2010 regarding the relief requested in this Motion. Ms. Hayward has not consented to the relief requested.

    /s/ Jay L. Welford
    Jay L. Welford

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing has been served via ECF-electronic mail and/or first class U.S. Mail, postage prepaid, to the persons and parties listed on the attached Service List on this 8th day of October 2010.

                                                                          */s/ Lisa M. Lucas*
                                                                          Lisa M. Lucas

*In re EQK Bridgeview Plaza, Inc.*
Case No. 10-37054

**SERVICE LIST**

[891985]

EQK Bridgeview Plaza, Inc.
1750 Valley View Lane, #440
Dallas, TX 75234

*VIA ECF*
Melissa S. Hayward
Franklin Skierski Lovall Hayward LLP
10501 N. Central Expry, #106
Dallas, TX 75231

*VIA ECF*
U.S. Trustee
1100 Commerce Street, Room 976
Dallas, TX 75242-1496

ARI Windmill Farms
8144 Walnut Hill Lane, #180
Dallas, TX 75231

AT & T
P. O. Box 105068
Atlanta, GA 30348-5068

AT & T
P. O. Box 8100
Aurora, IL 60507-8100

Advanced Comfort Specialist, LLC
P. O. Box 25
La Crosse, WI 54602

Aerial Company, Inc.
2430 Rose St., Unit 5
La Crosse, WI 54603

Arbor E & T, LLC
320 Dunes Plaza, Unit 9
Michigan City, IN 46360

BB & T
8144 Walnut Hill Ln, Ste 180
Dallas, TX 75231

BR Associates, Inc.
216 West U.S. Hwy 20, Unit 29
Michigan City, IN 46360

Bank of America NA
c/o Midland Loan Services, Inc.
Attn: Bryan Turner
10851 Mastin
Overland Park, KS 66210

Bank of America NA
Midland Loan Services, Inc.
c/o Bryan Larson, Thompson & Knight
1722 Routh Street, #1500
Dallas, TX 75201

Bennett, Weston & Lajone PC
1750 Valley View Lane No. 120
Dallas, TX 75234

Bridgeview Plaza
1255 Corporate Center Dr. PH 10
Monterey Park, CA 91754

Century Link
P. O. Box 4300
Carol Stream, IL 60197-4300

Citifinancial, Inc.
2406 Rose St., Unit 13
La Crosse, WI 54603

Coney Island, Inc.
2416 Rose St., Unit 9
La Crosse, WI 54603

Creative Hairdressers
320 Dunes Plaza, Unit 16
Michigan City, IN 46360

Crowel Agency
324 Dunes Plaza, Unit 19
Michigan City, IN 46360

Custom Alarm
Custom Communications
1661 Greenview Dr. SW
Rochester, MN 55902-4215

Custom Construction
2012 E US Highway 20
Michigan City, IN 46360

Custom Landscaping
2012 E US Highway 20
Michigan City, IN 46360

D & M Excavating, Inc.
9896 W 300 N Bldg A
Michigan City, IN 46360

David Kanger
814 Broadbrook Ln
Michigan City, IN 46360

Department of Administration
101 E. Wilson St.
Madison, WI 53703

Department of Water Works
P. O. Box 888
Michigan City, IN 46361

Dollar General
324 Dunes Plaza, Unit 20
Michigan City, IN  46360

Dunes Plaza
41-99 Main Street, 2nd Floor
Flushing, NY  11355

Eagle Crest
1925 Valley View Lane
Dallas, TX  75234

Eagle Crest
P. O. Box 25965
Shawnee Mission, KS  66225-5965

Ellefson Excavating, Inc.
311 Cook St
La Crosse, WI  54601

First Federal Savings & Loan
2406 Rose St., Unit 14
La Crosse, WI  54603

Flow-Rite Pipe & Sewer Services, LLC
20526 W. Ridge Ave.
P. O. Box 3
Galesville, WI  54630

Fruit Belt Hearing Center
136 Dunes Plaza, Unit 25
Michigan City, IN  46360

GP Warehouse Funding
1255 Corporate Center Dr
PH 10
Monterey Park, CA  91754

Grand Pacific Finance Corp
41-99 Main St, 2nd Floor
Flushing, NY  11355

Grand Pacific Finance Corp.
c/o Jeffrey A. Hokanson
Hostetler & Kowalik PC
101 West Ohio St., #2100
Indianapolis, IN  46204-4211

Great Lakes Museum of Military History
321 Dunes Plaza, Unit 17
Michigan City, IN  46360

H & R Block Eastern Enterprises, Inc.
2430 Rose St., Unit 17
La Crosse, WI  54603

Help at Homes, Inc.
154 Dunes Plaza, Unit 22
Michigan City, IN  46360

Hilltopper
W 6833 Industrial Rd
Onalaska, WI  54650

JACS Salon, LLC
2330 Rose St., Unit 23
La Crosse, WI  54603

Job Works
344 Dunes Plaza, Unit 22
Michigan City, IN  46360

L.A. Nails
2410 Rose St., Unit 11
La Crosse, WI  54603

La Crosse Area Conv. & Visitors Bureau
d/b/a Welcome Center
2400 Rose St., Unit 4
La Crosse, WI  54603

La Crosse County Treasurer
400 4th St North, Room 1290
La Crosse, WI  54601

La Crosse Water Utility
400 La Crosse St
La Crosse, WI  54601

La Porte County Treasurer
813 Lincolnway, #205
La Porte, IN  46350

LaPorte Regional Health Systems, Inc.
d/b/a Occupational Health
340 Dunes Plaza, Unit 3
Michigan City, IN  46360

Lebakkens, Inc.
d/b/a Lebakkens Rent-To-Own
2424 Rose St., Unit 1A
La Crosse, WI  54603

Liem Nuynh
d/b/a Top Nails
348 Dunes Plaza, Unit 15
Michigan City, IN  46360

Michigan City Family Dentistry
328 Dunes Plaza, Unit 12
Michigan City, IN  46360

Midland Loan Services
P. O. Box 25965
Shawnee Mission, KS  66225-5965

NIPSCO
P. O. Box 13007
Merrillville, IN  46411-3007

North Country Steak
2430 Rose St., Unit 25
La Crosse, WI  54603

Northrop Grumman Technical Srvcs
264 Dunes Plaza, Unit 6
Michigan City, IN  46360

Nutrition Center, Inc.
2400 Rose St., Unit B
La Crosse, WI  54603

Outdoor Service, Inc.
641 Brickl Rd
West Salem, WI  54669

Per Mar
P. O. Box 1101
Davenport, IA  52805-1101

Planned Parenthood of Indiana
328 Dunes Plaza, Unit 10
Michigan City, IN  46360

Prime Income Asset Management
1800 Valley View Lane No. 300
Dallas, TX  75234

Prime Income Asset Management, Inc.
1925 Valley View, #107
Dallas, TX  75234

Prime Income Asset Management, Inc.
1925 Valley View, #200
Dallas, TX  75234

Propel Financial Services
LS 1006260P-6045P
P. O. Box 100350
San Antonio, TX  78201

Property Cleaning Systems, Inc.
642 Western Ave.
Holmen, WI  54636

RJ Enterprises of Michigan, Inc.
Godfathers Pizza
321 Dunes Plaza, Unit 13
Michigan City, IN  46360

RK Dixon
5700 Utica Ridge Rd
Davenport, IA  52807

Regis Realty I, LLC
700 Broadway Ave. East
Mattoon, IL  61938

Sanchez & Associates
220 E. Virginia St
McKinney, TX  75069

Secretary of State of Indiana
201 Statehouse
Indianapolis, IN  46204

Secretary of State of Wisconsin
P.O. Box 7848
Madison, WI  53707

Sharp-N-All, Inc.
d/b/a  Schoops Hamburgers
4105 S. Franklin St., Unit 27
Michigan City, IN  46360

Shopko Stores Operating Co., LLC
Shopko Pharmacy
2438 Rose St., Unit 3
La Crosse, WI  54603

Shopko Stores, Inc.
2438 Rose St., Unit 2
La Crosse, WI  54603

Subway
216 US Hwy 20, Unit 30
Michigan City, IN  46360

Weir Brothers, Inc.
10721 Luna Rd
Dallas, TX  75220

Weir Brothers, Inc.
P. O. Box 541793
Dallas, TX  75354

Wells Fargo Bank NA
Grand Pacific Bus. Loan Trust 2005-1
4199 Main St., 2nd Floor
Flushing, NY  11355-3821

Wells Fargo Bank, NA
c/o James W. McNeilly, Jr.
Law offices of James W. McNeilly, Jr.
319 Main, #500
La Crosse, WI  54601

Xcel Energy
P. O. Box 9477
Minneapolis, MN  55484-9477

*VIA ECF*
Bank of America, N.A., as Ind. Trustee
c/o  David M. Bennett
Thompson & Knight LLP
1722 Routh Street, #1500
Dallas, TX  75201

*VIA ECF*
Dallas County
Linebarger Goggan Blair, et al.
c/o  Laurie Spindler Huffman
2323 Bryan Street, #1600
Dallas, TX  75201

*VIA ECF*
Grand Pacific Finance Corp.
c/o  Stephen Goodwin / Lisa Lucas
Carrington Coleman, et al.
901 Main Street, #5500
Dallas, TX  75202

Grand Pacific Finance Corp.
c/o  Jay L. Welford
Jaffe, Raitt, Heuer & Weiss, P.C.
27777 Franklin Road, #2500
Southfield, MI  48034-8214

*VIA ECF*
Valwood Improvment Authority
c/o  Elizabeth Banda Calvo
Perdue Brandon Fielder et al
P O Box 13430
Arlington, TX  76094-0430