Melissa S. Hayward
  Texas Bar No. 24044908
  MHayward@FSLHlaw.com
**FRANKLIN SKIERSKI LOVALL HAYWARD LLP**
10501 N. Central Expy, Ste. 106
Dallas, Texas  75231
Tel: (214) 789-9977
Fax: (214) 723--5345

**PROPOSED ATTORNEY FOR**
**EQK BRIDGEVIEW PLAZA, INC.**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| EQK BRIDGEVIEW PLAZA, INC., | § | CASE NO. 10-37054-SGJ-11 |
| | § | |
| Debtor. | § | CHAPTER 11 |

**MOTION FOR RELIEF FROM AUTOMATIC STAY TO RESCIND DEBTOR'S PRE-PETITION PURCHASE OF ASSETS FROM SOUTH COCHRAN CORPORATION**

NOTICE

**THE TRUSTEE (IF ONE HAS BEEN APPOINTED) OR THE DEBTOR SHALL FILE A RESPONSE TO ANY MOTION FOR RELIEF FROM THE AUTOMATIC STAY WITHIN FOURTEEN (14) DAYS FROM THE SERVICE OF THE MOTION. THE DEBTOR'S RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED. IF THE DEBTOR DOES NOT FILE A RESPONSE AS REQUIRED, THE ALLEGATIONS IN THE CREDITOR'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY SHALL BE DEEMED ADMITTED, UNLESS GOOD CAUSE IS SHOWN WHY THESE ALLEGATIONS SHOULD NOT BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT. UNDER BANKRUPTCY RULE 9006(e) SERVICE BY MAIL IS NOW COMPLETE UPON MAILING; UNDER BANKRUPTCY RULE 9006(f), THREE (3) DAYS ARE ADDED TO THE PERIOD FOR FILING A RESPONSE WHEN NOTICE OF THE PERIOD IS SERVED BY MAIL.**

TO THE HONORABLE STACEY G. JERNIGAN,
UNITED STATES BANKRUPTCY JUDGE:

EQK Bridgeview Plaza, Inc. (the "Debtor") and Warren Road Farm, Inc. ("Warren Road") file this *Motion for Relief from Automatic Stay to Rescind Debtor's Pre-Petition Purchase of Assets of South Cochran Corporation* pursuant to 11 U.S.C. §§ 105, 362, and 363 and would respectfully show as follows:

## I.

## BACKGROUND FACTS

1. On October 4, 2010, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), initiating the above-styled bankruptcy case.

2. The Debtor continues to operate its business and manage its property as debtor-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

3. No creditors' committee has been appointed in this case by the United States Trustee. Further, no trustee or examiner has been requested or appointed in this chapter 11 case.

4. The Debtor's primary assets consist of various real estate holdings in multiple states. Specifically, the Debtor owns: (i) the Bridgeview Plaza shopping center located at 2420 Rose Street in La Crosse, Wisconsin 54603 (the "Bridgeview Property"); (ii) an office building and warehouse and approximately 12.07 acres of land located behind the office building located at 1925 Valley View Lane in Farmers Branch, Texas 75234 (the "Eagle Crest Property"); (iii) approximately 2,837.159 acres of undeveloped land in Kaufman County, Texas (the "Windmill Farms Property"); and (iv) the Dunes Plaza shopping center located at 104 Franklin Street in Michigan City, Indiana 46360 (the "Dunes Plaza Property", collectively with the Bridgeview Property, the Eagle Crest Property, and the Windmill Farms Property, the "Properties").

5. Grand Pacific Finance Corp. ("Grand Pacific") allegedly holds a lien on the Dunes Plaza Property pursuant to a loan made to South Cochran Corporation by Grand Pacific on or about January 12, 2005 in the original principal amount of $3,750,000.00 (the "Dunes Plaza Loan").

6. On or about September 21, 2010 the Debtor acquired, *inter alia*, the assets and liabilities, stock, and intercompany receivables (collectively, the "Assets") of South Cochran Corporation, thereby acquiring the Dunes Plaza Property, for total consideration in the amount of $3,222,978.00. While South Cochran Corporation is an affiliate of the Debtor, the Debtor paid consideration for its purchase of South Cochran Corporation's Assets and assumed South Cochran Corporation's liabilities, including the Dunes Plaza Loan and indebtedness to Grand Pacific.

7. Warren Road is the former parent company of South Cochran Corporation and the parent of the Debtor.

8. On or about July 19, 2010, an order was entered by the Laporte County Superior Court in Indiana in Cause No. 46D01-1007-MF-0168 appointing a receiver over the Dunes Plaza Property (the "Receivership Order"). Pursuant to the Receivership Order, The Anker Consulting Group, Inc. (the "Receiver") is and had been acting as the receiver over the Dunes Plaza Property. A true and correct copy of the Receivership Order is attached to the Affidavit of John Frederick "Eric" Redwine, the general counsel for Warren Road, which is attached hereto as Exhibit A and incorporated herein, as Exhibit 1.

9. On October 4, 2010, shortly after commencing the Bankruptcy Case, the Debtor, through its counsel, sent a letter to the Receiver notifying it of the Bankruptcy Case and demanding that the Receiver turn over the Dunes Plaza Property in accordance with section 543 of the Bankruptcy Code.

10. The following day, on October 5, 2010, the Debtor's counsel received an email from Jay Welford, an attorney representing Grand Pacific in the state court litigation, in which Mr. Welford alleged that the Debtor's purchase of the Dunes Plaza Property violated an injunction prohibiting the transfer of the Dunes Plaza Property in the Receivership Order.

11. There's no question that the Debtor, Warren Road, and the other parties to the underlying transaction under which South Cochran Corporation sold its Assets to the Debtor should have analyzed the Receivership Order more closely and realized that such transaction may violate the Receivership Order. However, Mr. Welford's email was the first time that the Debtor, Warren Road, and other parties realized that the Debtor's purchase of the Dunes Plaza Property possibly violated the Receivership Order.

12. It was never the Debtor's and/or Warren Road's intention to violate the Receivership Order. Rather, the parties merely intended to put the Dunes Plaza Property under the jurisdiction of a bankruptcy court along with the Debtor's other Properties, remove the Receiver and take control over the Dunes Plaza Property, and reorganize the Debtor's affairs and assets through a Chapter 11 plan. Unfortunately, the way that the parties put the Dunes Plaza Property in bankruptcy may have inadvertently violated the Receivership Order.

13. To be clear, the parties unquestionably made a careless mistake, but such actions were not done in an effort to violate the Receivership Order, and any such violation was inadvertent and the result of oversight.

14. As such, the Debtor and Warren Road wish to immediately rectify the situation by asking relief from this Court so that the Debtor can rescind its purchase of South Cochran Corporation's Assets and restore all parties to their previous positions.

15. In fact, shortly after receiving Mr. Welford's email, the Debtor contacted Mr. Welford and offered to do exactly that, namely fall on its sword, acknowledge the careless mistake, and file the instant motion to rescind the transaction and place the Dunes Plaza Property back into South Cochran Corporation, putting the parties back to their same positions prior to the Debtor's purchase. The Debtor also notified Mr. Welford that, in light of the situation, it would not take any action to enforce Section 543 and/or require the Receiver to turn over the Dunes Plaza Property.

16. However, Mr. Welford has advised the Debtor that he opposes this relief. Instead, Mr. Welford intends to seek general relief from the automatic stay for his client as a litigation tactic because he wishes to prevent the Dunes Plaza Property from being involved in any bankruptcy case, whether filed by the Debtor or by South Cochran Corporation if the purchase is rescinded. In sum, Mr. Welford and his client apparently wish to take advantage of the mistake made and gain a litigation position and remedy to which they would not have otherwise been entitled but for the mistake, namely to prevent the Dunes Plaza Property from being involved in any subsequent bankruptcy case that will be filed by South Cochran Corporation if the Debtor's purchase of the Assets is rescinded.

17. As the Court knows, parties may be afforded relief from the automatic stay for cause,[1] which is not defined in the Bankruptcy Code and is generally determined by Courts on a case-by-case basis, allowing them to fashion remedies suitable to the particular circumstances of each case.[2] Cause under Section 362(d)(1) is not limited to a lack of adequate protection, and courts consider a multitude of factors, including harm to the creditor, whether any great prejudice

---

[1] *See* 11 U.S.C. § 362(d); *Value Recovery Group, Inc. v. Hourani*, 115 F. Supp. 2d 761, 767 (S.D. Tex. 2000); *see also* 3 COLLIER ON BANKRUPTCY ¶ 362.03[3] (15th ed. rev. 2005).

[2] *See In re Reitnauer*, 152 F.3d 341, 344 n.4 (5th Cir. 1998); *see also MacDonald v. MacDonald* (*In re MacDonald*), 755 F.2d 715, 717 (9th Cir. 1985) (explaining that relief from the stay is discretionary and must be determined on a case-by-case basis).

to either the bankruptcy estate or the debtor will result from lifting the stay, and whether the hardship to the non-bankrupt party by continuing the stay considerably outweighs the hardship to the debtor.[3]  Here, had the Debtor's purchase not occurred, South Cochran Corporation could have and would have filed its own bankruptcy case, the Receiver appointed over the Dunes Plaza Property would have had to turn it over pursuant to Section 543, and Grand Pacific would have had to litigate any requested relief from the automatic stay <u>on the actual merits</u>.  Unfortunately, the parties chose to take a different route, and the Debtor purchased the Dunes Plaza Property and included it in its own bankruptcy case, and in doing so, the parties may have inadvertently violated the Receivership Order.  It is simply not equitable or justified to allow Grand Pacific to receive a windfall and deprive Warren Road and South Cochran Corporation of any right they may have to initiate South Cochran Corporation's own bankruptcy case just because the parties made a careless mistake.  Neither Grand Pacific nor the Receiver can argue that they will suffer any prejudice in being restored to their original position, but South Cochran Corporation, Warren Road, and the Debtor will suffer extreme prejudice if the Court requires the Dunes Plaza Property to remain an asset of this bankruptcy estate and lifts the automatic stay to allow Grand Pacific to do as it will.

18.    The Debtor therefore requests that the Court enter an order lifting the automatic stay and authorizing the Debtor to rescind its purchase of the Assets of South Cochran Corporation so that the parties may be restored to their original position.

## REQUEST FOR RELIEF

BASED UPON THE FOREGOING, the Debtor and Warren Road respectfully request that this Court enter an order: (i) lifting the automatic stay and providing the Debtor and Warren Road all related and necessary relief to allow the Debtor to rescind its purchase of the Assets of South

---

[3] *See, e.g., Canal Place Ltd. P'ship v. AETNA Life Ins. Co.* (*In re Canal Place Ltd. P'ship*), 921 F.2d 569, 579 (5th Cir. 1991); *In re Fowler*, 259 B.R. 856 (Bankr. E.D. Tex. 2001).

Cochran Corporation; and (ii) granting the Debtor and Warren Road such other and further relief to which they are justly entitled.

DATED: October 8, 2010.

Respectfully submitted,

**FRANKLIN SKIERSKI LOVALL HAYWARD LLP**
/s/  Melissa S. Hayward
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@FSLHlaw.com
10501 N. Central Expy., Ste. 106
Dallas, Texas  75231
Tel: (972) 755-7100
Fax: (972) 755-7110
**PROPOSED ATTORNEYS FOR EQK BRIDGEVIEW PLAZA, INC.**


**REDWINE LAW OFFICES, P.L.L.C.**
/s/  John F. Redwine
John F. Redwine
Texas Bar No. 16669900
EJFRedwine@aol.com
1800 Valley View Lane, Ste. 120
Farmers Branch, Texas  75234
Tel: (972) 484-7782
Fax: (972) 484-7756
**ATTORNEYS FOR WARREN ROAD FARM, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was sent either electronically by the clerk of court on October 8, 2010 or via first class United States mail, postage prepaid to all parties appearing on the attached service list.

/s/ Melissa S. Hayward
Melissa S. Hayward

### CERTIFICATE OF CONFERENCE

I hereby certify that I communicated with Jay Welford regarding the Debtor's intent to file this Motion and, as explained in more detail above, Mr. Welford opposes the relief requested herein.

/s/ Melissa S. Hayward
Melissa S. Hayward